**Secretary's Certificate of**
**760 Hunts Point Avenue Housing Development Fund Corporation**

       I, the undersigned Secretary of 760 Hunts Point Avenue Housing Development Fund Corporation, a New York corporation (the "Company"), hereby certify that attached hereto as Exhibit A is a true, complete and correct copy of resolutions adopted by the Board of Directors of the Company. All such resolutions were duly and validly adopted at a meeting of the Board of Directors of the Company on May 9, 2011, at which a quorum was present and acting throughout. All such resolutions are in full force and effect on the date hereof in the form in which adopted.

IN WITNESS WHEREOF, the Company has caused this certificate to be executed on its behalf by the undersigned on the 17th day of May, 2011.

                          /s/ Oneida Rodriguez
                        ONEIDA RODRIGUEZ

**760 Hunts Point Avenue Housing Development Fund Corporation**

**RESOLUTIONS OF THE BOARD OF DIRECTORS**

The following sets forth the resolutions adopted on May 9, 2011 at a meeting of the Board of Directors of 760 Hunts Point Avenue Housing Development Fund Corporation (the "Company").

**1.      Approval of Bankruptcy Filing**

**WHEREAS**, the Board of Directors (the "Board") of the Company has determined that it is in the best interests of the Company, and its creditors, shareholders and other parties in interest, to file a voluntary petition under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case");

**NOW, THEREFORE, BE IT RESOLVED**, that Steven Gonzales (the "Authorized Officer") is authorized and directed to execute and deliver all documents necessary to effect the filing of the Bankruptcy Case on behalf of the Company;

**RESOLVED FURTHER**, that the Authorized Officer is authorized and directed to retain and employ the law firm of Bryant Burgher Jaffe & Roberts LLP as bankruptcy and corporate counsel to render legal services to and to represent the Company in connection with the Bankruptcy Case and other related proceedings and matters in connection therewith, upon such terms and conditions as he shall approve;

**RESOLVED FURTHER**, that the Authorized Officer is authorized and directed to retain such other professionals as he deems necessary and appropriate to represent, assist or consult with the Company during the Bankruptcy Case, upon such terms and conditions as he shall deem appropriate; and

**RESOLVED FURTHER**, that any and all action taken by the Authorized Officer in effecting the purpose of the foregoing resolutions prior to the date the foregoing resolutions are actually adopted as hereby ratified, approved, confirmed and adopted in all respects.

**2.      Approval of Further Actions**

**RESOLVED**, in addition to the specific authorizations set forth in any of the foregoing resolutions, that the Authorized Officer and such other necessary officers, employees or other agents of the Company as may be designated by the Authorized Officer be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to take or cause to be taken any and all such further actions to execute and deliver or cause to be executed and delivered all such other documents,

certificates, instruments and agreements, and to make such filings, in the name and on behalf of the Company, to incur and pay all such fees and expenses and to engage in such acts as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purposes of the foregoing resolutions and documents executed pursuant thereto, and the execution by the Authorized Officer or such officers or employees of any such documents, certificates, instruments or agreements or the payment of any such fees and expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefore and the approval of the documents, certificates, instruments and agreements so executed, the expenses so paid, the filings so made and the actions so taken.

**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE HOUSING | ) Case No. 11-_____ ( ___ ) |
| DEVELOPMENT FUND CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF CREDITORS HOLDING TWENTY
## LARGEST UNSECURED CLAIMS

       Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. <u>See</u>, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Name of creditor and complete mailing address including zip code | Complete mailing adderss and telephone number of creditor; name of employee, agent, or department of crreditor familiar with claim who may be contacted. | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to set-off | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1 | New York City Department of Buildings, Environmental Control Board | 1932 Arthur Avenue, 5th floor Bronx, New York 10457 Tel: 718-579-6922 Attn: Borough Manager | Building Code Violations | | $23,000.00 |
| 2 | Internal Revenue Service | G. Gaynor 1200 Waters Place, Suite 108 Bronx, NY 10461 Tel: 718-536-3562 | Payroll Taxes | | $12,282.61 |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Premium Financing Specialists | 180 N. Michigan Ave, Suite 1016 Chicago, Ill 60601 Tel: 877-242-0069 | Insurance | | $10,242.75 |
| 4 | New York City Department of Buildings | 1932 Arthur Avenue, 5th floor Bronx, New York 10457 Tel: 718-579-6922 Attn: Borough Manager | Building Code Violations | | $5,590.00 |
| 5 | S&J Fuel Co., Inc, | 601 Union St Brooklyn, NY 11215 Tel 718-855-6080 | Heating Oil | | $5,000.00 |
| 6 | New York State Unemployment Insurance | P.O. Box 4301 Binhamton, NY 13902-4301 | Unemployment Insurance | | $3,294.58 |

**DECLARATION UNDER PENALTY OF PERJURY**
**ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
        May 18, 2011


   /s/ Steven Gonzales     **___**
Steven Gonzales
President

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE HOUSING | ) Case No. 11-_____ ( ___ ) |
| DEVELOPMENT FUND CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF CREDITORS HOLDING FIVE
## LARGEST SECURED CLAIMS

       Following is the list of the Debtor's creditors holding the five largest secured claims. This list reflects amounts as of May 17, 2011. The list has been prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Local Rule 1007-2(a)(5). The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. Any amounts listed herein are estimated and subject to verification. The Debtor reserves its rights as to the validity, enforceability, and priority of each claim and/or lien and reserves its rights to assert remedies, defenses, counterclaims and offsets with respect to each such claim and/or lien.

| | Name of creditor | Name, telephone number and complete mailing address, including zip code of employee agent, or department of creditor familiar with claim who may be contacted | Claim Amount | Description of Collateral | Value of Collateral | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Set-off |
|---|---|---|---|---|---|---|
| 1 | NYC Department of Finance | P.O. Box 32 New York, NY 10008-0032 Bx Block 2763 Lot 195 | $599,728.34 | Building located at 760 Hunts Point Avenue, Bronx, New York 10474 | $1,749,000 | |
| 2 | NYC Department of Environmental Protection | DEP/BCS Customer Service P.O. Box 739055 Elmhurst, NY 11373-9055 718-598-7000 DEP# 6000164712001 | $120,867.91 | Building located at 760 Hunts Point Avenue, Bronx, New York 10474 | $1,749,000 | |
| 3 | Internal Revenue Service | G. Gaynor 1200 Waters Place, | $26,877.71 | All property of the Debtor | $1,757,406 | |

| | | Suite 108<br>Bronx, NY 10461<br>Tel: 718-536-3562 | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
          May 18, 2011

                                            /s/ Steven Gonzales          ___
                                            Steven Gonzales
                                            President

**Exhibit 3**

## SUMMARY OF TOTAL ASSETS AND
## LIABILITIES OF THE DEBTOR AS OF MAY 9, 2011

|  | Description | Value |
|---|---|---|
| **Assets** | The land and building located at:<br><br>760 Hunts Point Avenue, Bronx, New York<br><br>Citibank checking account for operating expenses<br>Acct# 95932731<br><br>Citibank checking account for Building payroll<br>Acct# 9985322696 | $1,757,406.49 |
| **Liabilities** | All claims including those that are unliquidated and/or disputed | $806,883.90 |

**DECLARATION UNDER PENALTY OF PERJURY
ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
                May 18, 2011


                                                        /s/ Steven Gonzales            ___
                                                        Steven Gonzales
                                                        President

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| 760 HUNTS POINT AVENUE | ) Case No. 11-_____ ( ___ ) |
| HOUSING DEVELOPMENT FUND | |
| CORPORATION, | |
|  | ) |
| Debtor. | ) |
|  | ) |

### CORPORATE OWNERSHIP STATEMENT, ###
### PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1 ###

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, 760 Hunts Point Avenue Housing Development Fund Corporation certifies that no corporation directly or indirectly owns 10% or more of the Debtor's equity interests.

760 Hunts Point Avenue
Housing Development Fund Corporation


 /s/ Steven Gonzales_____
Steven Gonzales
President

Scott Jaffe
BRYANT BURGHER JAFFE & ROBERTS LLP
757 Third Avenue, Suite 1501
New York, New York 10017
(212) 967-1800

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE HOUSING | ) Case No. 11-_____ ( ___ ) |
| DEVELOPMENT FUND CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**AFFIDAVIT OF STEVEN GONZALES**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK      )
                                         ) ss:
COUNTY OF NEW YORK  )

Steven Gonzales, being duly sworn, deposes and says:

1.       I am the President of 760 Hunts Point Avenue Housing Development

Fund Corporation, debtor and debtor in possession in the above-captioned chapter 11 case (the

"Debtor").  In this capacity, I am familiar with the day-to-day operational, business and financial

affairs of the Debtor.  I have held the position of President of the Building's board of directors

since the Debtor's formation.

2.       I am authorized by the Debtor to submit this affidavit (the "Affidavit")

pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Rules") in support of (i) the Debtor's petition for relief under chapter 11 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>") filed on the date herewith (the "<u>Petition Date</u>"), in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), and (ii) the relief sought in various motions and applications (collectively, the "<u>First Day Motions</u>") to be filed shortly after the Petition Date, and to assist the Bankruptcy Court and other interested parties in understanding the circumstances that compelled the commencement of this chapter 11 case.

3.     The Debtor is a New York low-income housing cooperative corporation located in the Bronx.  The Debtor's shareholders[1] collectively own 100% of the equity of the Debtor.  No corporation directly or indirectly owns 10% or more of the Debtor's equity interests.  <u>See</u> Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

4.     Except as otherwise indicated, all facts set forth in this Affidavit are based on my personal knowledge, my review of relevant documents or my opinion based on experience, knowledge and information concerning the operations of the Debtor.  If called upon to testify, I would testify competently to the facts set forth in this Affidavit.

5.     Part I of this Affidavit describes the Debtor's business and the circumstances surrounding the commencement of this chapter 11 case as required by Local Rule 1007-2(a)(1).  Part II sets forth the relevant facts in support of each First Day Motion.  Part III sets forth additional information about the Debtor, as required by Local Rules 1007-2(a)(3)-(12) and (b)(1)-(3).

---

[1]     The Debtor's shareholders include: Dan Depugh, Alipio Munoz, Julio Yuanez, Naja & Sonia Thomas, Mercedes Feliz, Zenaida Vializ, Maria Medina, Marilyn Rivera, Hector De La Rosa, Raquel & Cruz Castillo, Marisol Rodriguez, Luis Columbie Jr., Buenventura De La Cruz, Altagracia Soto, Luis Acosta, Hilda Gonzales, Carmen O. Cruz, Lucille Jackson, Onaida Rodriguez, Steven M. Gonzales, Ana Rodriguez, Gregory Thomas.

**PART I: FACTUAL BACKGROUND**

**A.**      **Chapter 11 Filing**

      6.      On the Petition Date, the Debtor commenced its case under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**B.**      **Debtor and Building**

      7.      The Debtor is a low-income housing cooperative organized under Article XI of the Private Housing Finance Law of the State of New York.  The Debtor was incorporated in 1986 for the purpose of enabling low-income families and elderly persons to cooperatively own and manage their own building.  In 2000, the Debtor purchased the land and building located at 760 Hunts Point Avenue in the Bronx, New York (the "Building") from the City of New York for $12,000.

      8.      The Debtor's residents (the "Residents") are low-income families and elderly persons.  The majority of the Residents have been in the Building for over thirty years.

      9.      The Building consists of Forty-Eight residential units.  Twenty-Three of the residential units are occupied by Residents who are shareholders of the Debtor (the "Shareholders") and who pay monthly maintenance fees (the "Fees").  Twenty-One of the residential units are occupied by Residents who are the Debtor's tenants (the "Tenants") who pay monthly rent (the "Rents"). Two of the residential units are currently unoccupied, although one is used as an office and the other is currently being repaired for water damage.

      10.      In 2000, the Building's management fully renovated the Building. Shortly afterwards, the management entered into a rent restructuring in order to be able to pay all the building's bills.  Through this process, the Debtor became one of the first buildings in the

3

neighborhood to fight and successfully turn a failing building into a successful HDFC, and has since been a model for several other buildings who also later became HDFCs in the South Bronx.

11.     In 2001, increased costs and expenses, combined with eviction proceedings against several delinquent tenants, caused the Building's finances to suffer.  This was compounded by a mistaken decision to not increase maintenance costs and a treasurer who did not fully report the Building's financial woes to the Board.  Although the Building does not struggle with the same problems as other HDFCs, such as drugs, violence, garbage or violations for lack of repairs, increasing bills and mistakes of the previous board have led to the current financial struggles.

12.     The Debtor was notified that the New York City Department of Housing Preservation and Development (the "HPD") intended to transfer the Building to a non-profit organization that administers the HPD's Third Party Transfer program ("TPT").  The TPT governs the transfer of properties from owners who have defaulted with respect to their obligation, to entities that the HPD determines has the capacity to stabilize, manage and rehabilitate them. Under this program, when New York City forecloses on properties for unpaid taxes, ownership is transferred to a third party which may then transfer the property to a developer who will own and manage the property.

13.     The HPD has notified the Debtor that the transfer of the Building through the TPT was scheduled to commence on May 19, 2011.

14.     The Debtor's current board has worked to come up with a viable plan to pay back outstanding bills.  There are currently several Tenants who have expressed an interest in buying apartments in the Building and there is a waiting list of others who want to move in. Shareholders have agreed to accept an increase in their maintenance fees of approximately 60%.

The Board is also currently speaking with potential lenders as well as community organizations and local politicians in an effort to find productive solutions to the Debtor's issues. Unfortunately, I believe that the HPD's decision to transfer the Building through the TPT has not allowed the Board sufficient time to complete these steps.

## C.        Summary of Prepetition Indebtedness

15.        **Taxes**.  The Building has outstanding real estate taxes, charges and fees totaling approximately $791,641, stemming from unpaid real estate taxes and other fees owing to the City of New York for fiscal years 2004 to the present (the "Real Estate Taxes").  The Real Estate Taxes, certain of which are secured, include: (a) property taxes levied by the Department of Finance; (b) water and sewer charges imposed by the Department of Environmental Protection; (c) employment taxes imposed by the New York State Department of Labor; and (d) payroll taxes owing to the Internal Revenue Service.

16.        **Other Unsecured Claims**.  As of the Petition Date, the Debtor believes there are approximately $15,242.75 in general unsecured claims (not including the claims described above).  These claims are for utilities and insurance payments.

## D.        Chapter 11 Filing and Proposed Plan

17.        In light of the foregoing circumstances, including the transfer scheduled for May 19, 2011, the Debtor undertook to evaluate the benefits and burdens of a chapter 11 filing.  After much deliberation, its President and Board determined that the Debtor had no other viable alternative and authorized the filing of the Petition.  In consultation with its advisors, the Debtor intends to file a plan of reorganization that is predicated on the following principles: (i) negotiation with the City of New York and other creditors of a satisfactory settlement with regard to the tax arrears and other charges; (ii) arrangement of financing, from one or more

entities specializing in providing financing to low-income entities, adequate to fund continued rehabilitation of the Building and a distribution to administrative and unsecured creditors; and (iii) the sale or rental of vacant space in the Building, to provide additional cash to fund the Debtor's exit from chapter 11 and operating expenses thereafter.

## PART II: FIRST DAY MOTIONS

18.     In order to enable the Debtor to minimize the adverse effects of the commencement of the chapter 11 case on its business, the Debtor intends to request various types of relief in certain "First Day" Motions, all of which the Debtor anticipates filing shortly after the Petition Date. The First Day Motions seek relief intended to allow the Debtor to perform and meet those obligations necessary to fulfill its duties as debtor in possession. For the reasons discussed below, I believe that the relief to be requested in each of the First Day Motions is necessary and appropriate and is in the best interests of the Debtor's estates, creditors and other parties-in-interest. I believe that the relief sought in each First Day Motion: (a) is necessary to enable the Debtor to operate in chapter 11 with minimum disruption or loss of productivity or value, (b) constitutes a critical element in achieving a successful reorganization of the Debtor, and (c) best serves the Debtor's estate and creditors' interests.

**A.**          **Cash Collateral Motion**

19.     Throughout the pendency of its chapter 11 case, the Debtor must preserve the value of the Building for its estate and creditors, and provide its residents with habitable living conditions. The Debtor's only source of funds to pay for the Building's maintenance, management, insurance, upkeep, heat, electricity, and repairs is the Building's monthly rents and fees. Therefore, the Debtor has determined that it requires the use of cash collateral, including the Building's rents and fees.

20.     None of the Debtor's creditors would be prejudiced by the Debtor's use of cash collateral.  No request for adequate protection has yet been made in this chapter 11 case. However, in light of the circumstances, upon information and belief, all parties with interests in the Cash Collateral, if any, would be adequately protected by the significant equity cushion existing between the Building's market value and the aggregate amount of secured claims. Based on the information currently available to me, the Building's market value and other estate assets total in excess of $1,757,406 – which is in excess of the total of secured claims and the Cash Collateral likely to be consumed during this chapter 11 case.

**B.          Application for Retention of Counsel**

21.     The retention of professionals is essential to the Debtor's reorganization efforts.  Accordingly, in connection with the filing of the chapter 11 case, the Debtor anticipates that it will seek authority to retain Bryant Burgher Jaffe and Roberts LLP ("BBJR") as its bankruptcy counsel.  ***The BBJR Application will be filed shortly after the Petition Date and, pursuant to Bankruptcy Rule 6003, will be scheduled for hearing on not less than twenty (20) days notice.***

**C.          Utilities "Adequate Assurance" Motion**

22.     In the normal conduct of its business, the Debtor uses services provided by at least two utility companies. The utility companies service the Debtor's main asset, the Building.  Of primary importance to the Debtor is continued electric and water service.  The Debtor depends on electricity supplied by Consolidated Edison, Inc. to illuminate the Building's common areas such as stairwells and hallways.  The Debtor equally depends on water service supplied by the New York City Department of Environmental Protection to maintain sanitary living conditions for its Residents. In the absence of continued electric and water service, the

operations of the Debtor and day-to-day well-being of the Debtor's Residents would be severely impaired. It is essential to maintain these services uninterrupted while this reorganization case is pending.

23.    I believe that the Debtor has, and will continue to have, sufficient funds to make timely payments for all postpetition services received from utility companies that are "utilities" under Bankruptcy Code section 366. ***The Debtor anticipates filing this Motion shortly after the Petition Date and it will be noticed for hearing at the first regularly scheduled hearing after the Petition Date.***

D.    <u>**Motion to Extend Time to File Schedules and Statements**</u>

24.    The Debtor has already commenced the extensive process of gathering and reviewing the numerous documents necessary to prepare the schedules and statements required to be filed under Bankruptcy Rule 1007.  This task is particularly burdensome because of the limited resources available to management, which must divide its time between completing the schedules and statements and overseeing the Debtor's business operations.  Additionally, some forensic work is necessary to ascertain the complete state of the Debtor's finances.  I estimate that an extension for a total of 30 days from the date set forth in Bankruptcy Rule 1007(c) will provide the Debtor with sufficient time to finish preparing the schedules and statements.

**PART III: LOCAL BANKRUPTCY RULE 1007-2**
<u>**DISCLOSURES AND SCHEDULES**</u>

25.    Local Rule 1007-2 requires disclosure of certain information related to the Debtor, which is set forth below.  Unless otherwise indicated, the financial information contained herein is un-audited.

26. To the best of my knowledge, information, and belief, there are no committees, whether formal or informal, organized with respect to the Debtor prior to the Petition Date.

27. Pursuant to Local Rule 1007-2(a)(4), <u>Exhibit 1</u> attached hereto lists, to the extent available, the following information with respect to each of the holders of the twenty (20) largest unsecured claims against the Debtor as of the Petition Date (excluding claims of insiders): the creditor's name, address (including the number, street, apartment, or suite number, and zip code, if not included in the post office address) and telephone number; the name(s) of person(s) familiar with the Debtor's accounts (to the extent such information is known), the amount of the claim, a brief description of the claim and whether the claim is contingent, unliquidated, disputed or partially secured.

28. Pursuant to Local Rule 1007-2(a)(5), <u>Exhibit 2</u> attached hereto provides the following information with respect to each of the holders of the five largest secured claims against the Debtor: the creditor's name and address (including the number, street, apartment or suite number, and zip code, if not included in the post office address); the amount of the claim; a brief description of the claim; an estimate of the value of the collateral securing such claims in U.S. dollars and whether the claim or lien is disputed.

29. Pursuant to Local Rule 1007-2(a)(6), a summary of the Debtor's assets and liabilities as of the Petition Date is attached hereto as <u>Exhibit 3</u>.

30. No securities of the Debtor are publicly held. <u>See</u> Local Rule 1007-2(a)(7).

31. No property of the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity. <u>See</u> Local Rule 1007-2(a)(8).

32. Pursuant to Local Rule 1007-2(a)(9), the Building is the only premises owned by the Debtor from which it operates its business. To the best of my knowledge, the Debtor does not lease any property from which it operates its business.

33. Pursuant to Local Rule 1007-2(a)(10), the Debtor's substantial assets are located in the Bronx, New York, the Debtor's general books and records and day-to-day operating reports are maintained at the Building and the Debtor does not hold any assets outside of the United States.

34. Pursuant to Local Rule 1007-2(a)(11), the nature and present status of each action or proceeding, pending or threatened, against the Debtor or his property where a judgment against the Debtor or a seizure of his property may be imminent is listed on <u>Exhibit 4</u>.

35. Pursuant to Local Rule 1007-2(a)(12), the Debtor's senior management were elected at the Debtor's annual stockholder's meeting on April 25, 2011, and consists of: President, Steven Gonzales; and Oneida Rodriguez, Secretary, each of whom have duties normally associated with his or her title.

36. The Debtor intends to continue to operate as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Pursuant to Local Rule 1007-2(b)(1)-(2)(A), the estimated total of bi-weekly payroll to the Debtor's employees (not including officers, directors and stockholders) and other cash disbursements required to maintain and operate the Building is included in <u>Exhibit 5</u> hereto.

37.     Pursuant to Local Rule 1007-2(b)(3), a schedule for the 30-day period following the Petition Date of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid (other than professional fees) is attached hereto as <u>Exhibit 5</u>.

760 Hunts Point Avenue Housing
Development Fund Corporation

 /s/ Steven Gonzales
Steven Gonzales

Sworn to before me on this
17th day of May, 2011

 /s/ Raquel Checo
NOTARY PUBLIC, State of New York
No. 01CH6216200
Qualified in Bronx County
Commission Expires January 11, 2014

**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE HOUSING DEVELOPMENT FUND CORPORATION, | )    Case No. 11-_____ ( ____ ) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF CREDITORS HOLDING TWENTY**
**LARGEST UNSECURED CLAIMS**

      Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Name of creditor and complete mailing address including zip code | Complete mailing adderss and telephone number of creditor; name of employee, agent, or department of crreditor familiar with claim who may be contacted. | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to set-off | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1 | New York City Department of Buildings, Environmental Control Board | 1932 Arthur Avenue, 5th floor Bronx, New York 10457 Tel: 718-579-6922 Attn: Borough Manager | Building Code Violations | | $23,000.00 |
| 2 | Internal Revenue Service | G. Gaynor 1200 Waters Place, Suite 108 Bronx, NY 10461 Tel: 718-536-3562 | Payroll Taxes | | $12,282.61 |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Premium Financing Specialists | 180 N. Michigan Ave, Suite 1016 Chicago, Ill 60601 Tel: 877-242-0069 | Insurance | | $10,242.75 |
| 4 | New York City Department of Buildings | 1932 Arthur Avenue, 5th floor Bronx, New York 10457 Tel: 718-579-6922 Attn: Borough Manager | Building Code Violations | | $5,590.00 |
| 5 | S&J Fuel Co., Inc, | 601 Union St Brooklyn, NY 11215 Tel 718-855-6080 | Heating Oil | | $5,000.00 |
| 6 | New York State Unemployment Insurance | P.O. Box 4301 Binhamton, NY 13902-4301 | Unemployment Insurance | | $3,294.58 |

**DECLARATION UNDER PENALTY OF PERJURY**
**ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
        May 18, 2011

                                       /s/ Steven Gonzales
                                       Steven Gonzales
                                       President

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE HOUSING | ) Case No. 11-_____ ( ___ ) |
| DEVELOPMENT FUND CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF CREDITORS HOLDING FIVE**
**LARGEST SECURED CLAIMS**

       Following is the list of the Debtor's creditors holding the five largest secured claims. This list reflects amounts as of May 17, 2011. The list has been prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Local Rule 1007-2(a)(5). The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. Any amounts listed herein are estimated and subject to verification. The Debtor reserves its rights as to the validity, enforceability, and priority of each claim and/or lien and reserves its rights to assert remedies, defenses, counterclaims and offsets with respect to each such claim and/or lien.

| | Name of creditor | Name, telephone number and complete mailing address, including zip code of employee agent, or department of creditor familiar with claim who may be contacted | Claim Amount | Description of Collateral | Value of Collateral | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Set-off |
|---|---|---|---|---|---|---|
| 1 | NYC Department of Finance | P.O. Box 32 New York, NY 10008-0032 Bx Block 2763 Lot 195 | $599,728.34 | Building located at 760 Hunts Point Avenue, Bronx, New York 10474 | $1,749,000 | |
| 2 | NYC Department of Environmental Protection | DEP/BCS Customer Service P.O. Box 739055 Elmhurst, NY 11373-9055 718-598-7000 DEP# 6000164712001 | $120,867.91 | Building located at 760 Hunts Point Avenue, Bronx, New York 10474 | $1,749,000 | |
| 3 | Internal Revenue Service | G. Gaynor 1200 Waters Place, | $26,877.71 | All property of the Debtor | $1,757,406 | |

| | | Suite 108<br>Bronx, NY 10461<br>Tel: 718-536-3562 | | | | |
|---|---|---|---|---|---|---|

**DECLARATION UNDER PENALTY OF PERJURY
ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
          May 18, 2011

                                 /s/ Steven Gonzales         
                                   Steven Gonzales
                                   President

**Exhibit 3**

## SUMMARY OF TOTAL ASSETS AND
## LIABILITIES OF THE DEBTOR AS OF MAY 9, 2011

|  | Description | Value |
|---|---|---|
| **Assets** | The land and building located at:<br><br>760 Hunts Point Avenue, Bronx, New York<br><br>Citibank checking account for operating expenses Acct# 95932731<br><br>Citibank checking account for Building payroll Acct# 9985322696 | $1,757,406.49 |
| **Liabilities** | All claims including those that are unliquidated and/or disputed | $806,883.90 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
           May 18, 2011


                                 /s/ Steven Gonzales          
                                Steven Gonzales
                                President

**Exhibit 4**

**SCHEDULE OF NATURE AND PRESENT STATUS OF EACH
PENDING ACTION OR PROCEEDING**

| ACTION | STATUS |
|---|---|
| Angela Paez vs. 760 Hunts Point Ave Housing Development Fund Corporation Index No. 308345/10 | Summons and verified complaint and affidavit of service served |
| In rem tax foreclosure action no. 51 Borough of the Bronx Sections 9, 10, 11, 12, 14, 15, 16, 17 and 18 Tax Classes 1 and 2 | Judgment issued on September 14, 2010 and filed by Bronx County Clerk on September 28, 2010. |

**DECLARATION UNDER PENALTY OF PERJURY
ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
          May 17, 2011


                                 /s/ Steven Gonzales            
                                Steven Gonzales
                                President

**Exhibit 5**

**SCHEDULE OF ESTIMATED CASH RECEIPTS AND DISPURSEMENTS,
NET CASH GAIN OR LOSS, OBLIGATIONS AND RECEIVABLES EXPECTED TO
ACCRUE BUT REMAIN UNPAID (OTHER THAN PROFESSIONAL FEES) FOR THE
30-DAY PERIOD FOLLOWING THE PETITION DATE**

Estimated cash receipts:                      $22,000
Estimated cash disbursements:          $18,725
Net cash gain or loss:                         $3,275

Obligations/receivables expected to accrue but remain unpaid (other than professional fees):

$ 0

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Steven Gonzales, president of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
          May 17, 2011


                         /s/ Steven Gonzales
                       Steven Gonzales
                       President

Scott Jaffe
BRYANT BURGHER JAFFE & ROBERTS LLP
757 Third Avenue, Suite 1501
New York, New York 10017
(212) 967-1800

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 760 HUNTS POINT AVENUE | ) |
| HOUSING DEVELOPMENT FUND | ) Case No. 11-_____ ( ___ ) |
| CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**<u>MATRIX OF CREDITORS</u>**

PLEASE TAKE NOTICE that in compliance with General Order M-408 dated September 22, 2010, 760 Hunts Point Avenue Housing Development Fund Corporation, as debtor and debtor in possession (the "<u>Debtor</u>") hereby files its Creditors Matrix, attached hereto as <u>Exhibit A</u>.

Dated: May 18, 2011
      New York, New York

                           Respectfully submitted,

                           BY:    <u>/s/  Scott Jaffe           </u>
                                      Scott Jaffe

                           BRYANT BURGHER JAFFE & ROBERTS LLP
                           757 Third Avenue, Suite 1501
                           New York, New York 10017
                           (212) 967-1800

                           *Proposed Counsel for the Debtor and*
                           *Debtor in Possession*

EXHIBIT A

Housing Protection and Development
100 Gold St, Room 9-Y3
New York, NY 10038

Internal Revenue Service
1200 Waters Place, Suite 108
Bronx, New York 10461

New York City Department of Environmental Protection
DEP/BCS Customer Service
P.O. Box 739055
Elmhurst, New York 11373-9055

New York City Department of Finance
P.O. Box 32
New York, New York 10008-0032
Bronx Block 2763, Lot 195

New York State Unemployment Insurance
P.O. Box 4301
Binghampton, New York 13902-4301

Premium Financing Specialists
180 N. Michigan Ave., Suite 1016
Chicago, Ill. 60601

S&J Fuel Co., Inc.
601 Union Street
Brooklyn, New York 11215

The United States Trustee
Susan Golden
33 Whitehall Street
21st Floor
New York, NY 10004

Dan Depugh
760 Hunts Point Avenue
Bronx, New York 10474

Alipio Munoz
760 Hunts Point Avenue
Bronx, New York 10474

Julio Yuanez
760 Hunts Point Avenue
Bronx, New York 10474

Naja & Sonia Thomas
760 Hunts Point Avenue

Bronx, New York 10474

Mercedes Feliz
760 Hunts Point Avenue
Bronx, New York 10474

Zenaida Vializ
760 Hunts Point Avenue
Bronx, New York 10474

Maria Medina
760 Hunts Point Avenue
Bronx, New York 10474

Marilyn Rivera
760 Hunts Point Avenue
Bronx, New York 10474

Hector De La Rosa
760 Hunts Point Avenue
Bronx, New York 10474

Raquel & Cruz Castillo
760 Hunts Point Avenue
Bronx, New York 10474

Marisol Rodriguez
760 Hunts Point Avenue
Bronx, New York 10474

Luis Columbie Jr.
760 Hunts Point Avenue
Bronx, New York 10474

Buenventura De La Cruz
760 Hunts Point Avenue
Bronx, New York 10474

Altagracia Soto
760 Hunts Point Avenue
Bronx, New York 10474

Luis Acosta
760 Hunts Point Avenue
Bronx, New York 10474

Hilda Gonzales
 760 Hunts Point Avenue
Bronx, New York 10474

Carmen O. Cruz
760 Hunts Point Avenue
Bronx, New York 10474

Lucille Jackson
760 Hunts Point Avenue
Bronx, New York 10474

Onaida Rodriguez
760 Hunts Point Avenue
Bronx, New York 10474

Steven M. Gonzales
760 Hunts Point Avenue
Bronx, New York 10474

Ana Rodriguez
760 Hunts Point Avenue
Bronx, New York 10474

Gregory Thomas
760 Hunts Point Avenue
Bronx, New York 10474